UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LENIER AYERS,

        Plaintiff,

v.

HENRY RICHARDS, *et al*,

        Defendants.

Case No. C08-5390 BHS/KLS

ORDER DENYING PLAINTIFF'S MOTION FOR ORDER DIRECTING PHOTOCOPIES FROM SCC

Before the Court are Plaintiff's motions for an order directing the Special Commitment Center (SCC) and its legal counsel to allow him to exceed his monthly allotment for photocopies. Dkts. # 55 and 67. Having reviewed Plaintiff's motions, Defendants' responses (Dkts. # 59 and 68) and Declaration of Becky Denny (Dkt. # 60), the Court finds that Plaintiff's motions should be denied.

Plaintiff asks the Court to order Defendants to allow him to incur a negative balance in his resident trust account at the SCC so that he may continue to litigate this matter.

The SCC supplies up to 90 photocopies per month to residents who meet the requirements as stated in SCC Policies 232 and 233. Dkt. # 60, Exhs. A and B. When a resident exhausts his monthly allotment of unpaid photocopies, he must pay for any additional copies he wishes to have made during that month. Dkt. # 60, ¶ 3. Upon request, a resident may receive an exception to the

ORDER - 1

copy limit for use in his Wash. Rev. Code ch. 71.09 civil commitment case if he is self-represented. *Id*. The reason for this exception is that a resident has a statutory right to counsel in his commitment case. Wash. Rev. Code § 71.09.050(2). *Id*. Exceptions to the copy limit are not available to litigate other types of civil matters. *Id*.

Although Plaintiff claims that Defendants are denying him access to the courts in violation of the First Amendment (*see e,g,*, Dkt. # 67 ¶ 2), an individual alleging denial of access to the courts must demonstrate "actual injury" to prevail on such a claim. *Lewis v. Casey*, 518 U.S. 343, 351-52 (1996). Actual injury consists of a specific instance in which the individual was actually denied access to the courts. *Sands v. Lewis*, 886 F.2d 1166, 1171 (9th Cir. 1989). No such specific instance has occurred in this case.

Plaintiff has filed voluminous pleadings since the inception of this case. Between June and November, 2008, Mr. Ayers filed 18 separate pleadings, including a 130 page Complaint (Dkt. # 1), of which 82 pages are copies of various documents and exhibits that contain no allegations or causes of action. Plaintiff is also prosecuting two civil lawsuits in this Court and an appeal in the Ninth Circuit. Plaintiff has been able to file at least 45 pleadings in this Court and the Ninth Circuit Court of Appeals over a five-month period.[1]

Based on plaintiffs documented filings in this and other lawsuits, it cannot be said that he does not have access to the courts. According to information provided by SCC, Plaintiff is allocated 90 photocopies per month at no cost to him. Dkt. # 60, ¶ 3. The Court finds that it is his responsibility to properly manage his cases and the cost of litigation.[2]

---

[1]Western District Cause No. C07-5520, appeal thereto before the Ninth Circuit Court of Appeals Cause No.08-35358 in which Plaintiff filed eight pleadings after June 10, 2008; Western District Cause No. C08-5471 in which Plaintiff filed 16 pleadings between July 14, 2008 and October 29, 2008; and Western District Cause No. C08-5541 in which Plaintiff filed four pleadings between August and November 2008, including a 75 page petition for writ of mandamus (Dkt.#1), and another "petition" of 50 pages consisting primarily of affidavits and other documents (Dkt.# 5).

[2]For example, discovery documents are not filed with the Court. In his motion, Plaintiff alleges that the Court has requested copies of certain documents in a deficiency notice from the Clerk's office dated October 31, 2008. *See* Dkt. 55, p. 7. Plaintiff has misread this notice. As the

ORDER - 2

1       Finally, Defendants argue that there is no constitutional right or court rule supporting Plaintiff's claim that Defendants must extend credit to him for future copying costs incurred in this litigation. Civil rules limit cost awards to a prevailing party. *See* Rule 54, Fed.R.Civ.P. The Court agrees. As no party has yet prevailed in this matter, it would be improper to require Defendants to fund Plaintiff's litigation absent a finding that they have violated Plaintiff's civil rights.

      Accordingly, it is **ORDERED** that Plaintiff's motions (Dkts. # 55 and 67) are **DENIED**.

DATED this  29th  day of December, 2008.

                                                                    Karen L. Strombom
                                                                    United States Magistrate Judge

---

Court has previously advised Plaintiff, discovery materials are not to be filed with the Court. Despite Plaintiff's continued assertions, the deficiency notice is not a "mandatory order" that Plaintiff file more "papers and pleadings."

ORDER - 3