UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LENIER AYERS,<br><br>                Plaintiff,<br><br>    v.<br><br>HENRY RICHARDS, *et al.,*<br><br>                Defendants. | Case No. C08-5390 BHS/KLS<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY |

Before the Court is Plaintiff's Motion to Compel responses to requests for production of documents. Dkt. # 61. Having reviewed the motion, Defendants' response (Dkt. # 63), and balance of the record, the Court finds that the motion should be denied.

In July 2008, Plaintiff sent a "subpoena duces tecum" to Donna J. Hamilton, AAG and to Defendants Dr. Henry J. Richards and Becky Denny, for the production of certain documents before any defendants were served with process. Dkt. # 61; Dkt. # 10. Service of process was not completed on any defendant until October 2008. *See* Dkt. # 36. Thus, the defendants were under no obligation to respond to the discovery requests, either before or after service of the complaint. *See Howard v. Heffron*, 118 F.R.D. (W.D. MI 1988)(discovery requests made to a defendant after a complaint is filed but before it is served, are not enforceable). Prior to service of the summons and complaint, the Court has no jurisdiction over a defendant and the defendant has no obligation to hold onto requests "in anticipation

ORDER
Page - 1

that these requests may become viable at some future date." *Id*.

In addition, Plaintiff does not indicate he has met and conferred with opposing counsel prior to filing this motion as required by Local Rule 37 (a)(2). Dkt. # 61. A party applying to the court for an order compelling discovery "must include a certification that he has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court intervention." Fed. R. Civ. P. 37(a)(2)(B). In addition, "[a] good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephonic conference." Local Rule CR 37(a)(2)(A)[1].

A scheduling order has now been entered in this case setting a discovery deadline of June 5, 2009. Dkt. # 65. Plaintiff may proceed with discovery now if he chooses to do so.

Accordingly, it is **ORDERED:**

(1) Plaintiff's motion to compel (Dkt. # 61) is **DENIED**; and

(2) The Clerk of the Court shall send copies of this Order to the Plaintiff and counsel for Defendants.

DATED this __29th__ day of December, 2008.

Karen L. Strombom
United States Magistrate Judge

---

[1] Plaintiff's reference to a July 7, 2008 telephone call with defense counsel to obtain discovery does not satisfy this obligation. By its own terms, Plaintiff's discovery requests, had they been valid, were not due until July 21, 2008. Dkt. # 63, Exh. 8, p. 2, ¶ 3.

ORDER
Page - 2