UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LENIER AYERS,

    Plaintiff,

v.

HENRY RICHARDS, *et al.*,

    Defendants.

Case No. C08-5390 BHS/KLS

REPORT AND RECOMMENDATION

**Noted For: February 20, 2009**

Before the Court is Plaintiff's motion for a preliminary injunction. Dkt. # 48. Plaintiff seeks to be removed from the Alder North housing unit at the Special Commitment Center (SCC). Dkt. # 48. In its initial review of Plaintiff's motion, the Court noted Plaintiff's allegations that he had been the victim of two assaults by Billy Aschenbrenner, a fellow resident of the Alder North housing unit, and that this resident posed a serious continuing danger to him. Dkt. # 49. The Court, therefore, directed Defendants to supplement their brief to specifically address these allegations and Plaintiff was given an opportunity to submit a reply. Dkt. # 64.

Plaintiff submitted his briefing before the Defendants. He filed a Declaration on December 15, 2008 with exhibits (Dkt. # 81) and an Affidavit on December 23, 2008. Dkt. # 83. Defendants submitted their response (Dkt. # 71), the Declaration of Walter Weinberg (Dkt. # 72), and the

REPORT AND RECOMMENDATION - 1

Declaration of Darius Mark (Dkt. # 74) on December 24, 2008.[1] In his declaration, Mr. Weinberg states that Mr. Ayers was reassigned to the Cedar North housing unit on December 15, 2008 and no longer resides on a housing unit with Mr. Aschenbrenner. Dkt. # 72.

After careful review of the foregoing and the balance of the record, the undersigned recommends that Plaintiff's motion be denied as moot.

## I. BACKGROUND AND RELIEF REQUESTED

Mr. Ayers is civilly committed as a sexually violent predator at the SCC pursuant to Wash. Rev. Code 71.09. Dkt. # 52, p. 2. Mr. Ayers complains that (1) he has been housed in SCC's unit for severely mentally ill patients for the past two and one-half years although he is not mentally ill; (2) the living conditions of the unit are filthy; and (3) the stress of the attacks and filthy and psychological living conditions have driven him to taking anti-anxiety medications. Dkt. # 48, pp. 1, 3. Mr. Ayers also alleges that he has been physically attacked on several occasions by severely mentally ill Alder-North detainees. *Id*., p. 1. Mr. Ayers requests that he be placed in the general population at SCC. Dkt. # 48, p. 1.

## II. DISCUSSION

Under the Prison Litigation Reform Act, 18 U.S.C. § 3626 (PLRA), Plaintiff is not entitled to prospective relief unless the court enters the necessary findings required by the Act:

> The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of a Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626(a)(1)(A) (emphasis added). In civil rights cases, injunctions must be granted

---

[1] The parties also submitted video recordings, which the Court reviewed and considered. Dkts. # 81 and 83.

REPORT AND RECOMMENDATION - 2

sparingly and only in clear and plain cases. *Rizzo v. Goode*, 423 U.S. 362, 378 (1976).

The purpose of preliminary injunctive relief is to preserve the status quo or to prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). When seeking injunctive relief, the moving party must show either (1) a likelihood of success on the merits and the possibility of irreparable injury or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the movant's] favor." *See Nike, Inc. v. McCarthy*, 379 F.3d 576, 580 (9th Cir. 2004)(quoting *Gilder v. PGA Tour, Inc.*, 936 F.2d 417, 422 (9th Cir. 1991)) (internal quotations omitted). "These two alternatives represent extremes of a single continuum, rather than two separate tests. Thus, the greater the relative hardship to [the movant], the less probability of success must be shown." *See Walczak v. EPL Prolong, Inc.*, 198 F.3d 725, 731 (9th Cir. 1999) (internal quotations omitted). Under either test, the movant bears the burden of persuasion. *Mattel, Inc. v. Greiner & Hausser GmbH*, 354 F.3d 857, 869 (9th Cir. 2003).

Mr. Ayers alleges that he was attacked by a fellow resident, Mr. Billy Aschenbrenner, on May 10, 2008[2], when Mr. Aschenbrenner hit him with a chair, and on September 25, 2008, when Mr. Aschenbrenner threw a full cup of urine on him. Dkt. # 49, pp. 7, 11. Mr. Ayers alleges that Mr. Aschenbrenner's condition and his continued threatening behavior presents a threat to his future safety on the unit that warrants Mr. Ayers' transfer to another housing unit. *Id.*, p. 13. In his Affidavit, Mr. Ayers states that he wants to be moved from Alder North because he does not feel safe around Mr. Aschenbrenner: "It is very clear that I am not the problem on Alder North . . . you may consider a very possible retaliation component if I am not moved to a safe housing situation

---

[2]Defendants maintain, and documentation (including a video tape) produced to the Court confirms that the first incident of which Mr. Ayers complains actually occurred on May 9, 2008. Dkt. # 72, Exh. B; Dkt. # 73.

REPORT AND RECOMMENDATION - 3

away from Patient Ashenbruner. Res. Ashenbruner poses a very serious danger not only to myself but also to himself . . .". Dkt. # 83, p. 24.

Mr. Ayers is no longer housed with Mr. Aschenbrenner. According to the Declaration of Walter Weinberg, Mr. Ayer's Program Area Manager, Mr. Ayers was reassigned to housing on Cedar North housing unit on December 15, 2008 and no longer resides on a housing unit with Billy Aschenbrenner. Dkt. # 72, p. 2. Mr. Ayers does not dispute that he is no longer assigned at Alder North.

Mr. Weinberg states that Mr. Ayers' reassignment to Cedar North was made for clinical/treatment reasons. He states that it was decided that Mr. Ayers should be allowed a chance to succeed on another housing unit, residential staff on Alder North needed a respite from Mr. Ayers' disruptive behavior and other residents on Alder North would benefit from his reasssignment. *Id*.

According to the Declaration of Cathi Harris, the Associate Superintendent of SCC, the SCC total confinement facility provides a high degree of separation between the various populations who reside at the center. Dkt. # 52, p. 3. There are eight units at the facility: Alder, Birch, Cedar, Dogwood, Elm, Ginkgo, Fir and Redwood Hall. *Id*. Residents are assigned to units based first upon their degree of medical acuity, second by their management level, and third upon their level of treatment paricipation. Individual unit assignments are made by consensus between members of the SCC Resident Placement Committee. *Id*. In this manner, SCC seeks to ensure that each resident is placed in a unit that facilitates not only his own individualized treatment, but also facilitates the treatment of other residents by avoiding cohabitation that could jeopardize the progress of discrete populations. *Id.*

The Alder North unit, where Mr. Ayers was previously housed, is for individuals with

REPORT AND RECOMMENDATION - 4

psychiatric related behavioral issues who require high management and/or high structure. *Id*. Cedar North, where Mr. Ayers is currently housed is for medically fragile residents requiring long-term placement. *Id.*

As Mr. Ayers is no longer housed in Alder North nor being subjected to the conditions of which he complains, the preliminary injunctive relief he seeks is now moot. Accordingly, the undersigned recommends that Mr. Ayers' motion for injunctive relief be denied.

### III. CONCLUSION

For the foregoing reasons, the undersigned recommends that the Court **DENY** Plaintiff's motion for preliminary injunction. Dkt. # 48. A proposed order accompanies this Report and Recommendation. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **February 20, 2009**, as noted in the caption.

DATED this  27th  day of January, 2009.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5