UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LENIER AYERS,

        Plaintiff,

    v.

HENRY RICHARDS, Ph.D., *et al.*

        Defendants.

Case No. 08-5390 BHS/KLS

ORDER DENYING MOTION FOR RECONSIDERATION (DENIAL OF REQUEST FOR COUNSEL)

Before the Court is Mr. Ayers' motion for reconsideration of the Court's previous Order (Dkt. # 56) denying his motion for the appointment of counsel. Dkt. # 90. Defendants filed a motion to strike (Dkt. # 92) on the grounds that Mr. Ayers failed to serve them with a copy of his motion.[1] Mr. Ayers then filed a third motion for the appointment of counsel. Dkt. # 97. Defendants filed their response. Dkt. # 98. Having carefully reviewed Mr. Ayers' motions, Defendants' responses and the balance of the record, the Court finds, for the reasons stated below, that Plaintiff's motion should be denied.

**I. DISCUSSION**

Motions for reconsideration are disfavored and will ordinarily be denied in the "absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which

---

[1] The Court has considered Mr. Ayers' motions. However, he is reminded that he must take care to serve counsel for all defendants with copies of any motions and pleadings that he files with the court in the future.

ORDER - 1

1  could not have been brought to the court's attention earlier with reasonable diligence." Local Rule
2  CR 7(h)(1).

3  Pursuant to CR 7(h)(2), a motion for reconsideration shall be filed within ten judicial days
4  following the order to which it relates. The Order denying Mr. Ayers' first motion for the
5  appointment of counsel was entered on November 17, 2008. Dkt. # 56. Therefore, his motion for
6  reconsideration is not timely and may be denied on that basis alone. In addition, Mr. Ayers has
7  identified no error in the Court's Order, nor presented any new facts or legal authority that suggest
8  reconsideration is appropriate.

9  Mr. Ayers complains that Defendants have failed to cooperate in discovery efforts, that he is
10 being denied access to legal copies, and that Defendants have refused to provide him with legal
11 supplies, all of which allegedly hinder his ability to proceed and succeed in his litigation. Dkt. # 90,
12 p. 1. These are not new arguments. The Court previously addressed Mr. Ayers' claims that
13 Defendants are denying him access to the courts by failing to provide him with copies and/or
14 writing materials and has found these claims to be without merit. *See, e.g.,* Dkt. # 79. In its
15 previous Order denying counsel, the Court addressed Mr. Ayers' concerns regarding discovery and
16 found that these grounds were insufficient to warrant the appointment of counsel. Dkt. # 56. The
17 Court noted that Mr. Ayers demonstrates an adequate ability to articulate his claims *pro se*, has not
18 demonstrated that the issues involved in his case are complex or that he has had any difficulties in
19 expressing them. *Id.* Finally, Mr. Ayers has not demonstrated that there is a likelihood of success
20 on the merits of his claims. *Id.* Thus, his motion for reconsideration is without merit.

21 There is also nothing in Plaintiff's third motion to change the Court's analysis. He claims
22 that he is unable to afford counsel, that he cannot afford copies, that the issues involved are serious,
23 that he has no access to a law library and cannot operate a computer, that he has limited access to
24 the law, that the issues are complex and that he has requested a jury trial. Dkt. # 97, pp. 1-2. None
25 of these issues presents new facts or legal authority that suggests reconsideration is appropriate.
26 Nor do they represent exceptional circumstances. See, *Wilborn v. Escalderon,* 789 F.2d 1328, 1331
27 (9th Cir. 1986); *Franklin v. Murphy,* 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616
28 ORDER - 2

F.2d 1089 (9th Cir. 1980).

Mr. Ayers also labors under the mistaken impression that the Court has granted Defendant Griffith's summary judgment motion. Dkt. # 97, p. 1. The Court has not issued a ruling on that motion. It appears from Mr. Ayers' filing at Dkt. # 89 ("Appeal of Court's Order subjectively granting Defendants' Motion for Summary Judgment), that Mr. Ayers has mistaken Defendant Griffith's submission of a *proposed* order as the final order granting summary judgment.[2]

Accordingly, it is **ORDERED:**

(1) Plaintiff's motion for reconsideration (Dkt. # 90) and motion for the appointment of counsel (Dkt. # 97) are **DENIED**.

(2) Defendants' motion to strike (Dkt. # 92) shall be **DENIED as moot**.[3]

(3) The Clerk is directed to send copies of this Order to Plaintiff and counsel for Defendants.

DATED this 12th day of March, 2009.

Karen L. Strombom
United States Magistrate Judge

---

[2] Mr. Ayers is referred to Local Rule Cr7(b)(1) which directs that a party filing a motion with the Court "shall serve the motion and a proposed order on each party that has appeared in the action, and shall file the motion and lodge the proposed order with the clerk."

[3] Mr. Ayers' motion entitled "Appeal of Court's Order Subjectively Granting Defendants' Motion For Summary Judgment" was mistakenly noted as a motion. Dkt. # 89. This document appears to be a response to the Defendants' proposed order attached to their summary judgment motion. Dkt. # 69. The Court will consider it as such and the noting date on Dkt. # 89 will be stricken.

ORDER - 3