UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LENIER RENE AYERS,

    Plaintiff,

v.

RANDALL GRIFFITH, *et al.*,

    Defendants.

Case No. C08-5390 BHS/KLS

REPORT AND RECOMMENDATION

**NOTED FOR:
July 10, 2009**

Before the Court is the motion for summary judgment of Defendant Randall Griffith. Dkt. 102. Defendant seeks summary dismissal of Plaintiff Lenier Rene Ayers' claims against him, arguing that Mr. Ayers has failed to establish a violation of his Eighth Amendment rights with respect to the medical care he received. In support of his motion, Defendant submits his Declaration, with attached exhibits. Mr. Ayers filed his affidavit in response. Dkt. 106.

After careful review of the motions, supporting affidavits and documents, and viewing the facts in the light most favorable to the Plaintiff, the undersigned recommends that Defendant Randall Griffith is entitled to summary dismissal of the claims against him.

**I. FACTS**

Mr. Ayers, a civilly committed detainee of the Special Commitment Center (SCC), filed a 42 U.S.C. § 1983 claim alleging that Defendant Griffith violated his rights under the Eighth Amendment by refusing to provide him with vitamins and interferon for the treatment of hepatitis,

REPORT AND RECOMMENDATION - 1

and for refusing to provide physical therapy for injuries he received on April 7, 2005 and September 11, 2008 in attacks by staff and other residents. Dkt. 16, pp. 3 and 11; Dkt. 16-2, pp. 1-4[1]. Mr. Ayers seeks $60,000.00 in compensatory damages and punitive damages. *Id.*, p. 11.

Defendant Randall Griffith is a licensed nurse practitioner employed by an S corporation called OMNI Med, Inc. Dkt. 103, pp. 1-2. He is retained by the Department of Social Health Services (DSHS), as an independent contractor, for the SCC on McNeil Island. *Id.*, p. 2. He has worked about forty hours per week at the SCC since 2004. *Id.* Mr. Griffith is only one of several health care practitioners who work different shifts on different days at the clinic at SCC. *Id.* Detainees at SCC are free to choose when they attend the clinic and therefore, may choose their care givers. *Id.* As such, Mr. Griffith's interactions with Mr. Ayer's have been somewhat limited. *Id.*

Mr. Ayers requested to be placed on Interferon treatment for Hepatitis C and this request was presented to SCC's Utilization Review Committee (URC) on January 31, 2006. Dkt. 103, Exh. B. The URC Report noted the following "case synopsis/differential or working diagnosis" as to Mr. Ayers:

> Pt has hx of Hep C. Without liver damage. Pt is requesting treatment and filed resident grievance. Pt was committed in June 06. He has only had one infraction since commitment in Jan 06 for hitting staff in the face when he became angry. He has history of poor anger management with medical.

Dkt. 103, Exh. B.

The intervention proposed by the URC was as follows:

---

[1] Defendant Griffith cites to an additional allegation at page 11 of Mr. Ayers' Complaint, *i.e.*, that he allegedly removed Mr. Ayers' vitamins and medications from his room in an attempt to inflict harm upon him. This allegation is not contained in the docketed version of Plaintiff's Complaint. *See* Dkt. 16, p. 11. The Court was previously alerted to differences in Plaintiff's service copies. *See* Dkts. 54 and 57. To the extent there are any differences in the copy the complaint served on Defendant Griffith and the docketed copy, the parties are advised that the docketed copy of the Complaint controls this action.

REPORT AND RECOMMENDATION - 2

Watchful waiting of Hep C with liver function tests. Not to do Hep C tx at this time.

*Id.*

Although Defendant Griffith was on the URC when Mr. Ayers' case was presented, he was not the presenting member. *Id.*, p. 3. He states that the URC's decision to deny the Hepatitis C treatment was made after a full review of the relevant facts and a decision was made in the best interests of Mr. Ayers. *Id.* Defendant Griffith also notes in his Affidavit that Mr. Ayers' liver function was normal. *Id.*, p. 2. Finally, the Court notes that there is no medical evidence before the Court that Plaintiff's medical care requires Interferon treatment.

Defendant Griffith further states that recently Thomas Bell, D.O. has agreed to re-evaluate Mr. Ayers for potential Hepatitis C therapies, despite normal liver function. *Id.* However, Mr. Ayers would have to complete certain pre-requisites before he would be a candidate for such treatment, including successfully undergoing a liver biopsy and submitting to a cardiology exam. *Id.* Mr. Ayers' medical records reflect that a Hep C cardiology and liver biopsy were scheduled on July 15, 2007 and that Mr. Ayers refused transport to go on a medical trip to have the liver biopsy performed on that date. Dtk. 103, Exh. C. Defendant Griffith states that Mr. Ayers has, within the last few weeks, agreed to the liver biopsy after repeated cancellations and postponements. *Id.*, p. 3.

Defendant Griffith states that he has never interfered with Mr. Ayers' physical therapy appointments and that in all of his years at the SCC, Mr. Ayers has asked him for physical therapy to rehabilitate his physical condition on only one occasion. *Id.*, p. 4; Exh. D. On November 9, 2006, Defendant Griffith requested a physical therapy consultation for Mr. Ayers. Mr. Ayers did not seek out Mr. Griffith for any follow-up treatment or further referrals. *Id.*; see also Dkt. 16-3, p. 6 (Complaint). In a letter dated March 19, 2007, Defendant Richards responded to Mr. Ayers' complaints that he had been abused and neglected because the SCC had not provided him with

REPORT AND RECOMMENDATION - 3

adequate health care services to address pain management:

> Clinic medical staff informed me that you were prescribed physical therapy (PT) in November 2006 to address the underlying causes for the pain you were experiencing. Though appointments were scheduled, you refused PT services. Instead of going to PT, you have continued to request pharmaceuticals for pain management.

Dkt. 16-3, p. 6.

In his affidavit in response, Mr. Ayers does not dispute that Mr. Griffith prescribed physical therapy for his complaints. Dkt. 106, p. 1. However, he argues that "not following through, or provided P.T. appointment slips to inform me of alleged scheduled therapy, remains to present questionable issues of legal concern." *Id*. In addition, Mr. Ayers alleges that there was no weekly full time physical therapist hired at SCC until 2009. *Id*. Mr. Ayers also argues that he should not have been denied treatments for hepatitis based on the affect of costs to SCC's budget. *Id*.

## II. STANDARD OF REVIEW

In examining Defendants' motions, the Court must draw all inferences from the admissible evidence in the light most favorable to the non-moving party. *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000). Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party bears the initial burden to demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has met its burden, the opposing party must show that there is a genuine issue of fact for trial. *Matsushita Elect. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). The opposing party must present significant and probative evidence to support its claim or defense. *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991).

"A plaintiff's belief that a defendant acted from an unlawful motive, without evidence supporting that belief, is no more than speculation or unfounded accusation about whether the

REPORT AND RECOMMENDATION - 4

defendant really did act from an unlawful motive." *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1028 (9th Cir. 2001).

### III.  DISCUSSION

To state a claim under 42 U.S.C. § 1983, the defendant must be a person acting under color of state law; and his conduct must have deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986)**.**  Implicit in the second element is a third element of causation. *See Mt. Healthy City School Dist. v. Doyle*, 429 U.S. 274, 286-87 (1977); *Flores v. Pierce*, 617 F.2d 1386, 1390-91 (9th Cir. 1980), *cert. denied*, 449 U.S. 875 (1980). When a plaintiff fails to allege or establish one of the three elements, his complaint must be dismissed.  In this case, Mr. Ayers claims that Defendant Griffith violated his rights under the Eighth Amendment of the Constitution by refusing to provide him with medical treatment for hepatitis and physical therapy for injuries he allegedly received in assaults in 2005 and 2008.

The Eighth Amendment requires prison officials to take reasonable measures to guarantee the health and safety of inmates. *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984); *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  An inmate claiming an Eighth Amendment violation relating to health care must show that the prison officials acted with deliberate indifference to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  The plaintiff must prove both an objective and a subjective component. *Hudson v. McMillan*, 503 U.S. 1 (1992); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992).  First, the alleged deprivation must be, objectively, "sufficiently serious." *Farmer,* 511 U.S. at 834.  A "serious medical need" exists if the failure to treat a prisoner's condition would result in further significant injury or the unnecessary and wanton

REPORT AND RECOMMENDATION - 5

infliction of pain contrary to contemporary standards of decency. *Helling v. McKinney,* 509 U.S. 25, 32-35 (1993); *McGuckin*, 974 F.2d at 1059. Second, the prison officials must be deliberately indifferent to the risk of harm to the inmate. *Farmer*, 511 U.S. at 834.

An official is deliberately indifferent to a serious medical need if the official "knows of and disregards an excessive risk to inmate health or safety." *Id.* at 837. Deliberate indifference requires more culpability than ordinary lack of due care for a prisoner's health. *Id.* at 835. In assessing whether the official acted with deliberate indifference, a court's inquiry must focus on what the prison official actually perceived, not what the official should have known. *See Wallis v. Baldwin*, 70 F.3d 1074, 1077 (9th Cir. 1995). If one of the components is not established, the court need not inquire as to the existence of the other. *Helling*, 509 U.S. 25.

Prison authorities have "wide discretion" in the medical treatment afforded prisoners. *Stiltner v. Rhay*, 371 F.2d 420, 421 (9th Cir. 1971), *cert. denied*, 387 U.S. 922 (1972). To prevail on an Eighth Amendment medical claim, the plaintiff must "show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and the plaintiff must show that they chose this course in conscious disregard of an excessive risk to plaintiff's health." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996), *cert. denied*, 519 U.S. 1029. A claim of mere negligence or harassment related to medical problems is not enough to make out a violation of the Eighth Amendment. *Franklin v. Oregon,* 662 F.2d 1337, 1344 (9th Cir. 1981). Simple malpractice, or even gross negligence, does not constitute deliberate indifference. *McGuckin*, 974 F.2d at 1059. Similarly, a difference of opinion between a prisoner-patient and prison medical authorities regarding what treatment is proper and necessary does not give rise to a § 1983 claim. *Franklin,* 662 F.2d at 1344; *Mayfield v. Craven*, 433 F.2d 873, 874 (9th Cir. 1970).

Mr. Ayers claims that Defendant Griffith refused to provide him with medical treatment for

REPORT AND RECOMMENDATION - 6

hepatitis and physical therapy for injuries he allegedly received in assaults in 2005 and 2008.  Mr. Ayers has failed however, to present any evidence that Mr. Griffith was deliberately indifferent to his medical needs.  The summary judgment evidence reflects that the URC reviewed Mr. Ayer's request for Hepatitis C treatment, that the review committee decided that Hepatitis C treatment was not appropriate at that time, but proposed "watchful waiting of Hep C with liver function tests."  Dkt. # 103, Exh. B.  The evidence reflects that Mr. Griffith was a member of the URC, but was not the presenting member.  *Id*.

It is clear that Mr. Ayers disagrees with the conclusion reached by the URC that the appropriate course of action for his Hepatitis C was "watchful waiting with liver function tests."  However, a difference of opinion with medical authorities regarding what treatment is proper and necessary does not give rise to a § 1983 claim.  *Franklin,* 662 F.2d at 1344; *Mayfield v. Craven*, 433 F.2d 873, 874 (9th Cir. 1970).  Mr. Ayers has failed to show how Defendant Griffith's concurrence with the URC decision amounted to a deliberate indifference of Mr. Ayers' medical condition.

Similarly, Mr. Ayers has failed to present evidence of deliberate indifference on Mr. Griffith's part with regard to the denial of physical therapy appointments for injuries Mr. Ayers allegedly sustained on April 7, 2005 and September 11, 2008.   Mr. Ayers does not deny that Mr. Griffith wrote a prescription on November 9, 2006 so that Mr. Ayers could receive physical therapy. Dkt. 106, p. 1.  Rather, Mr. Ayers complains that Mr. Griffith did not provide him with appointment slips to remind him of his scheduled therapy and complains that there was no weekly full time physical therapist hired at SCC until 2009.  *Id*.  These complaints, however, fail to raise an issue of fact as to whether Defendant Griffith acted in conscious disregard of an excessive risk to Mr. Ayers' health.

The summary judgment evidence reflects that on the one occasion that Mr. Ayers requested

REPORT AND RECOMMENDATION - 7

Defendant Griffith prescribe a physical therapy consult for him, Defendant Griffith did so on the same day that it was requested. *Id.*, p. 4; Exh. D. On November 9, 2006, Defendant Griffith requested a physical therapy consultation for Mr. Ayers. *Id.* The record also reflects that Mr. Ayers did not contact Mr. Griffith for any follow-up treatment or further referrals. *Id.* Further, when Mr. Ayers complained that he had been abused and neglected because the SCC had not provided him with adequate health care services to address his pain management, he was reminded that although physical therapy appointments had been scheduled on his behalf, he had refused them and had insisted on pharmaceuticals for his pain management instead. Dkt. 16-3, p. 6.

Viewing the evidence in the light most favorable to Plaintiff, the undersigned concludes that Mr. Ayers has failed to show deliberate indifference to a serious medical need by Defendant Griffith and has presented no competent medical evidence reflecting that Defendant Griffith failed to comply with the applicable standard of care.

As Plaintiff has not raised a factual dispute as to any deliberate indifference of Defendant Griffith, the undersigned recommends that Defendant Griffith's motion for summary judgment on Plaintiff's constitutional claims be granted.

## IV.  CONCLUSION

For the reasons stated above the Court should **GRANT** the motion for summary judgment of Defendant Griffith (Dkt.102).

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **July 10,**

REPORT AND RECOMMENDATION - 8

**2009**, as noted in the caption.

DATED this 16th day of June, 2009.

*Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 9