UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LENIER AYERS,

                Plaintiff,

   v.

HENRY RICHARDS, *et al.*,

                Defendants.

No. C08-5390 BHS/KLS

ORDER REGARDING PLAINTIFF'S MOTIONS (DKTS. 111, 112, 113, 123, 127 and 130)

Before the Court are several discovery motions brought by Plaintiff Lenier Ayers. The Court, having reviewed the motions, Defendants' responses, and balance of the record, finds and orders as follows:

**A.    Dkt. 111 – "Time Barring" Public Disclosure Evidence**

In the caption of his motion, Plaintiff ask the "Court to waive and subsequently refrain from insisting on time barring relative public disclosure evidence previously requested on Defendant's Willie Stoddard, Leslie Sziebert and other listed defendant's regarding reported incidents prior to 2005." Dkt. 111. Plaintiff states in his motion that the evidence is related to an "on-going extensive six year history of apparent issues regarding the deliberate denial of appropriate medical treatment." *Id.*, p. 1. He states further that the Court should authorize him to receive all previously requested public disclosure documents related to incidents that occurred

ORDER ON DISCOVERY MOTIONS - 1

before 2005. *Id.*, p. 2. Attached to his motion is a copy of Defendants' Second Supplemental Response indicating that Defendants produced documents DEF1216-2760; and DEF 3965-DEF5005 in response to Plaintiff's requests.

It is unclear from the motion whether Mr. Ayers seeks a ruling as to the admissibility of the documents he received in discovery or whether he seeks to compel the production of further information. To the extent Plaintiff is seeking at this juncture of the litigation to obtain a ruling that certain documents he has obtained in discovery are not time-barred and are admissible at trial, such a motion is premature and will not be granted at this time.

To the extent Plaintiff seeks to compel the discovery of further documents from Defendants, the record reflects that Plaintiff is in possession of documents responsive to his requests. According to counsel for Defendants, Plaintiff propounded one set of requests for production on January 13, 2009. Defendants responded on February 13, February 20 and February 27, 2009. Dkt. 115, and Attachment B. Mr. Ayers propounded no other discovery after January 13, 2009. Dkt. 114, p. 2. Defendants state that they believe they have already produced the documents in question to Plaintiff, identified as follows:

1) 2003 documents (bates stamped DEF 2855-2951, 2963-73, 3265, 3276-3462); 2004 documents (Bates stamped DEF 2952-62, 2992-3000, 3003-16, 3073, 3075-78, 3250-59); 2005 documents (bates stamped DEF 2974-91, 3001, 3017-47, 3074, 3079-3113, 3129-30, 3133-46, 3184-3249, 3275);
2) DEF 5006-5236 –behavioural management reports, grievances and incident reports regarding plaintiff during the years 2004 and 2005
3) DEF 2761- 3717 - 957 viewed and ordered public disclosure documents during the period of Sept. 2007 (Request for Production No. 21), were produced to Plaintiff on February 20, 2009.

Dkt. 114, p. 2; Dkt. 115; Dkt. 54-2; 54-3. (The issues raised by Mr. Ayers in Dkts. 112 and 113 are addressed separately by the Court below).

ORDER ON DISCOVERY MOTIONS - 2

If Mr. Ayers disagrees that he has received all information sought in his January 13 requests for production, he must do two things. First, he must properly confer with opposing counsel in a good faith attempt to secure the information or material without court intervention. Second, if after conferring with counsel, Mr. Ayers still insists that a discovery motion is required, he shall describe in detail the documents he believes the Defendants have not produced. He must set forth the number of the request as well as the request itself, the documents produced in response to the requests, if any, and he must provide the Court with an explanation of why Defendants' response is incomplete and/or evasive.

In addition, Mr. Ayers' motion to compel must include a certification that he has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court intervention." Fed. R. Civ. P. 37(a)(2)(B). "A good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephonic conference." Local Rule CR 37(a)(2)(A). The Court will not entertain any future discovery motion in this case unless it contains a certification, which explains what efforts were made by the parties and why the parties could not reach an agreement without the Court's intervention.[1]

Based on the information presently before the Court, Plaintiff's motion asking the Court to waive and refrain from time barring public disclosure evidence (Dkt. 111) is **DENIED.**

---

[1] Defendants contend that Mr. Ayers failed to consult with opposing counsel before filing any of his discovery motions, which is shown by Mr. Ayers' May 19, 2009 deposition testimony when he stated he "already" filed his motion before conferring. Dkt. 117, Attachment A. However, the motion referred to by Mr. Ayers during his deposition was filed on May 15, 2009. Dkt. 107. The motions presently before the Court were filed after Mr. Ayers' deposition. Mr. Ayers includes descriptions of consultations with counsel in some of his motions (Dkts. 112, 123 and 130), but in others he does not. Because Mr. Ayers raises some issues more than once in his motions, it is difficult for the Court to determine when the parties consulted or the scope of those consultations.

ORDER ON DISCOVERY MOTIONS - 3

**B. Dkt. 112 – Motion to Compel Production of Evidence and Leave to Electronically Depose Defendants and Other Witnesses**

In this motion, Plaintiff seeks to compel the production of various documents he states were set forth in a "previously filed Subpoena Duces Tecum on October 27, 2008." Dkt. 112, p. 1. There was no subpoena duces tecum filed on October 27, 2008. In July 2008, Mr. Ayers sent a "subpoena dues tecum" to Donna J. Hamilton, AAG and to Defendants Dr. Henry J. Richards and Becky Denny, for the production of certain documents before any defendants were served with process. Dkt. 10. Mr. Ayers then filed a motion to compel the production of documents set forth in that subpoena. Dkt. 61. The Court denied the motion to compel because the defendants were under no obligation to respond to discovery requests before they were served with a complaint. Dkt. 80.

As noted above, Mr. Ayers sent out one set of discovery requests to Defendants. To the extent Mr. Ayers seeks to compel the production of records responsive to that set of discovery, the Court will address those issues here. The Court will not address requests for new discovery or for discovery pursuant to a subpoena that the parties were under no obligation to answer.

**1) SCC Policies 140, 253 and 404 (Request for Production No. 10A)[2]**

Mr. Ayers seeks the production of SCC Policies 140, 253 and 404. Defendants provided Plaintiff with a copy of Policy 140 on February 13, 2009 (marked as DEF-00000001-13); a copy of Policy 235 was sent to Plaintiff on June 5, 2009. Dkt. 117, p. 2.

As to Policy 404, Mr. Ayers argues that this policy is relevant to his claims that he was forcefully and unnecessarily removed from his room and placed in administrative/disciplinary isolation in many instances. Dkt. 112, p. 3.

---

[2] A coy of the Plaintiff's Request for Production is found at Dkt. 117-3.

ORDER ON DISCOVERY MOTIONS - 4

Defendants initially responded that SCC Policy 404 does not exist, but this was in error. Dkt. 117, p. 2. The policy was withdrawn in April 2006 and no longer reflected where SCC maintains active policies. *Id.* Defendants produced at least one page from Policy 404 (DEF-00003100) in response to Plaintiff's requests for production; that document was contained within one of Plaintiff's grievances. *Id.* In their February 13, 2009 response, the Defendants object to the production of other 400-series policies on relevance grounds and to protect the security of the SCC. Dkt.117, Attachment B. Cathi Davis, the Associate Superintendent of SCC, states that SCC's past and present 400 series policies relate to institutional responses for various types of threats to the safety and security of SCC staff, residents, visitors, and the community. Dkt. 118, p. 1. Ms. Davis states that maintaining the confidentiality of these policies is crucial to the effective security of the SCC. *Id.* However, the Plaintiff is only requesting a copy of Policy 404, one page of which has already been produced.

In light of the security issues raised, Defendants are directed to a copy of SCC's Pollicy 404 (identified as "withheld from production as restricted confidential" in response to Request for Production No. 10A) **to the Court only** for an *in camera* inspection. This copy shall be due no later than **July 31,** 2009. The defendants shall also clearly identify the one page of this Policy that has already been produced to the Plaintiff. After review, the Court shall determine if Policy 404 shall be produced. Until then, a ruling on Mr. Ayers' motion to compel production of Policy 404 shall be deferred.

2) **Criminal History Records for Sziebert**

In Request for Production No. 17A, the Plaintiff requested criminal records and background information on defendant's "Stoddard, Sziebert, Wienberg, Dornfer, Hogan, Richards, and any and all staff and residential abuse complaints that were filed against these

ORDER ON DISCOVERY MOTIONS - 5

defendants." Dkt. 117-3, p. 3. Defendants objected to criminal records and background information as privileged and stated that they were not required to retain the information; they also objected to relevance as to Dorfner and Hogan, who are not named as defendants and not served. *Id*. Without waiving their objections, Defendants stated that they will supplement their response as they receive further documentation regarding this request. *Id*.

In the Defendants' supplemental response, they produced 25 pages. From the information presented to the Court, it appears that the Defendants have responded. Thus, Plaintiff's motion to compel this information is denied.

### 3) **Rule 26(a) Disclosures and Conference Requirement**

Mr. Ayers argues that the parties are not permitted to begin discovery until after they have met to plan discovery. Dkt. 112, p. 4. He seeks to compel Defendants' participation in "initial disclosures." *Id*. However, Fed. R. Civ. P. 26(a)(1)(B)(iv) specifically exempts initial disclosures in "action[s] brought without an attorney by a person in the custody of the United States, a state, or a state subdivision." Mr. Ayers is currently civilly detained at the SCC, a total confinement facility operated by a subdivision of the state of Washington, and is appearing without counsel in this matter. His motion for Rule 26(a) disclosures is, therefore, not proper. The same exemption is applicable to subdivision (f)'s requirement for a meeting. Fed. R. Civ. P. 26(f)(1).

Discovery in this matter is governed by the Court's Scheduling Order. Dkt. 65. Also, as noted by Defendants, Mr. Ayers served requests for production on the Defendants without first meeting to plan discovery. Thus, it is not credible now for him to claim that the parties are not permitted to begin discovery until after they have met to plan discovery.

### 4) **Video Tapes (Request for Production No. 10B)**

Mr. Ayers complains that he has been denied access to various video tapes. Mr. Ayers requested SCC unit security video for assault incidents occurring on 1-17-06, 9-11-07 and 6-1-08. Dkt. 117-3, p. 2. Defendants advised Mr. Ayers that the videos are considered contraband that cannot be possessed by a resident within the total confinement facility, but that the videos were delivered to SCC Legal Coordinator Becky Denny and that he could view the videos by making an appointment with her to do so. *Id.* According to Defendants, Mr. Ayers has never made an appointment to view the videos. Dkt. 116, p. 4.

The Court finds that Defendants have complied with this discovery request by making the videos available for Plaintiff to view at the SCC and that Plaintiff's motion to compel should be denied.

### 5) **Unidentified Discovery Requests**

Throughout his motion, Mr. Ayers refers to various records he claims he has not received. For example, Plaintiff complains he requested but has not received records relating to Annette Rivers, Kenny Gordon, grievances, medical records, medical meals, criminal histories for Russell Boatman and John Lewis, copies of previously filed abuse complaints and medical records relating to his claim that Dr. Sziebert refused to allow him medically prescribed meals. However, Mr. Ayers does not identify a previously propounded discovery request sent to Defendants where these records were requested. As best as the Court can determine, his request for information relating to Annette Rivers was included in Request for Production No. 13 and Defendants have complied with this discovery request. Dkt. 117-3, p. 2. Plaintiff never made a request for information relating to Kenny Gordon.

ORDER ON DISCOVERY MOTIONS - 7

With regard to Mr. Ayers' requests for medical information (Requests for Production Nos. 11, 12, 13, 14, 15, 31 and 32), the record reflects that Mr. Ayers received documents in response to his requests for medical records. With regard to Requests for Production No. 16, it appears that Mr. Ayers received "copies of all grievances and complaints submitted by the plaintiff claiming medical abuse, abuse from Dr. Sziebert, the denial of medically prescribed meals, requests for medical treatment, and the request for medical meals from 2004 to 2008." *See, e.g.,* Dkt. 117-3, pp. 3, 9.

Based on the foregoing, it appears that Mr. Ayers' complaints that he has been denied responses to these discovery requests are not well taken. A thorough review of Plaintiff's Requests for Production (Dkt. 117-3) along with Defendants' initial responses and two supplemental responses lead to the conclusion that all requested documents have been produced, except as discussed below. If Mr. Ayers disagrees that he has received all information sought in his January 13 requests for production, he must first confer in good faith with opposing counsel in an attempt to secure the information. Only after all good faith efforts fail, may he file a motion to compel and then, such a motion must describe with specificity the documents he seeks. He must describe in detail for the Court why the information he has received to date in response to his discovery requests are non-responsive or evasive and, he must include a certification that he has first conferred with counsel pursuant to Fed. R. Civ. P. 37 (a)(2)(B).

**6)** **Statute of Limitations Objections**

In response to a number of requests for production, Defendants state that incidents prior to 2005 are time barred and have produced only documents for incidents after 2005. *See* Requests for Production No. 14 (2003 and 2004), No. 15 (2003 to 2008), No. 16 (2004 to 2008), No. 17B (2003 to 2005) and No. 18 (2004 to 2008).

ORDER ON DISCOVERY MOTIONS - 8

An objection as to the admissibility of evidence at the time of trial is not a proper defense to the discoverability of the evidence. "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ.P. 26(b)(1).

Accordingly, Defendants are ordered to supplement their responses to Requests for Production Nos. 14, 15, 16, 17B and 18 to cover the years prior to 2005 as requested therein.[3] If they have already produced documents responsive to these requests, Defendants may so advise the Court in their supplement.

### 7) Request for Production No. 33

In this request, Plaintiff sought all residential and staff grievances, complaints and police files on Jose David Garcia, Willie Stoddard and Richard Steinbach. Dkt. 117-3, p. 5. Defendants responded that if responsive documents became available, they will produce them. Defendants need to take affirmative steps to determine if there are records responsive to this request as to Defendant Stoddard and to supplement their response to this request. Defendants do not need to produce the requested documents as to the other named individuals as they are not named in this lawsuit. Accordingly, the Court finds that Defendants shall provide a supplemental response to Request for Production No. 33 **on or before July 31, 2009.**

### 8) Depositions

Mr. Ayers seeks to extend the discovery deadline, which expired on June 5, 2009, to take 31 depositions. Dkt. 112, pp. 10-11. He "recommends" that he be provided access to all the named defendants and be given the full names and addresses of the additionally named individuals for the purpose of taking the 31 depositions "electronically." As early as October 31,

---

[3] The Court is aware that Defendants have produced some documents prior to 2005. Dkt. 114, p. 2 n.1. However, it is unclear to which request these documents correspond.

ORDER ON DISCOVERY MOTIONS - 9

2008, Mr. Ayers stated that he will need to take a large number of depositions. Dkt. 29, p. 4. However, has failed to notice any depositions. Of the 31 individuals named, nine are residents of the SCC, who appear to be Mr. Ayers' own witnesses. Dkt. 112, p. 11. According to Defendants, Mr. James Schoenberger is an attorney who formerly represented Plaintiff and Mr. Sam Elwonger is a former SCC ombudsman who left his position in December 2002, long before the alleged events underlying Plaintiff's claims. Dkt. 117, p. 2.

Mr. Ayers does not explain why the testimony of any of the listed witnesses is relevant to his case, why he was unable to obtain these depositions during the six month discovery period, and why he was not able to obtain the information he needs from these witnesses through some means other than a deposition. In addition, Mr. Ayers provides no explanation as to when and in what manner these depositions are to be taken, other than that he desires that they be taken "electronically." Mr. Ayers' *in forma pauperis* status does not waive the costs associated with litigation other than the filing fee. Mr. Ayers must pay for all other costs of litigation, including the cost of a court reporter if that is his chosen means of recording a deposition.

The Court will not grant an extension of the discovery deadline based on Mr. Ayers' last minute decision to depose every defendant and every witness that comes to mind. It is clear that, with the exception of one request for production, Mr. Ayers has done no other discovery. He provides no explanation for this lack of diligence except to repeat his complaint that he cannot exceed his monthly allotment of photocopying at the SCC. In light of Mr. Ayers' multiple filings in this case, the Court is not persuaded that Mr. Ayers could not have made some attempt to pursue additional discovery, including deposition discovery, within the time frame originally allotted.

ORDER ON DISCOVERY MOTIONS - 10

**9)    Sanctions**

Mr. Ayers seeks sanctions against Assistant Attorney General Hamilton for failure to produce evidence "in an appropriate sufficient and non-methodical and timely manner." Dkt. 112, p. 5.

Rule 37 sanctions are appropriate only upon the granting of a properly filed motion to compel (with a certification that the movant has in good faith conferred or attempted to confer in an effort to obtain the discovery without court action), and the opposing party's nondisclosure was substantially unjustified. Fed. R. Civ. P. 37(a)(5)(A). It is clear that these circumstances do not exist here.

Mr. Ayers accuses Attorney Hamilton of refusing to produce documents since October 27, 2008, thus delaying his ability to successfully complete his discovery by the June 5, 2009 discovery deadline. Dkt. 112, p. 5. However, the record reflects that Mr. Ayers sent only one request in January 2008, and he admits that he received information responsive to that request. *Id.* He complains only that the information was not received within a "reasonable 20, to 30-day period of time." Dkt. 112, p. 5. However, Mr. Ayers goes on to complain that Attorney Hamilton "inferentially omitted the inclusion of evidence that would prove and corroborate competency issues, criminal callousness and the lack of transparency of her client/defendants." *Id.* However, Mr. Ayers does not explain what evidence has been withheld from disclosure.

The Court finds no evidence that Ms. Hamilton has acted in bad faith and no evidence that Ms. Hamilton has withheld documents from disclosure or interfered with Mr. Ayers' ability to prosecute his case.

Accordingly, Plaintiff's motion to compel, for sanctions, and to take depositions shall be denied, except that Defendants shall (1) produce a copy of SCC's 404 Policy to the Court only

ORDER ON DISCOVERY MOTIONS - 11

for an *in camera* inspection, (2) shall supplement their responses to RFP Nos. 14, 15, 16, 17B, 18 and 33 to provide all documents requested **on or before July 31, 2009**.

### C. Dkt. 113 – Plaintiff's Request for Entry of Default/Motion for Sanctions for Withholding of Public Disclosure/Key Evidence

In this motion, Mr. Ayers asks that the Court sanction Defendants Becky Denny and Kristal Wiitalla Knutson by entering a default against them because they withheld previously requested public disclosure documents. Dkt. 113. Having reviewed Mr. Ayers' motion, Defendants' response and balance of the record, the Court finds that Mr. Ayers' motion is without merit and should be denied.

In his January 19th request for production, Mr. Ayers requested the following documents:

> Request for Production No. 21: The plaintiff requests copies of all 957 of viewed and ordered public disclosure documents during the period of Sept. 2007. These documents were denied the plaintiff due to his previous, and current indigent status.

Dkt. 120, ¶ 2, Attachment A. The SCC defendants provided the 957 pages of documents on February 20, 2009. Dkt. 120, ¶ 3, Attachment B. Mr. Ayers propounded no other discovery request for documents identified as "public disclosure." *Id*.

Plaintiff alleges that lack of public disclosure resulted in "compelling this plaintiff to be unprepared to meet the Court's June 5 discovery deadline date." Dkt. 113, p. 2. However, Plaintiff offers the Court no explanation of why, when he received the SCC discovery responses in February 2009, he was unable to meet the June 2009 discovery deadline, what Defendants have done to keep him from being prepared, and more importantly, what other discovery he has sought before the discovery deadline.[4] He failed to seek Court intervention until May 28, 2009,

---

[4] As in previous motions, Mr. Ayers alleges that he subpoenaed various documents in October 2008. However, as noted above, the Court denied that motion to compel (Dkt. 61) on December 29, 2008. Dkt. 80. At ¶ 18 of his motion, Mr. Ayers also refers to a civil rule regarding requests for admission, but according to defense counsel, he has not propounded requests for admission on any SCC defendant. Dkt. 120. Mr. Ayers also recounts his attempts

ORDER ON DISCOVERY MOTIONS - 12

merely a week prior to the discovery deadline. Mr. Ayers provides no explanation for this delay or his lack of diligence.

Finally, the Court notes that Defendant Knutson has not been properly served (Dkt. 33) and therefore, the Court lacks personal jurisdiction over her. See, e.g., *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) (defendant must be served in accordance with Fed. R. Civ. P. 4 or court has no personal jurisdiction over that defendant).

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service of the summons and complaint must be made upon a defendant within 120 days after the filing of the complaint. Unless the plaintiff can show good cause for his failure to serve, the court shall dismiss the action without prejudice as to that defendant or shall extend the time for service. Fed.R.Civ.P. 4(m). In cases involving a plaintiff proceeding *in forma pauperis*, a United States Marshall, upon order of the court, shall serve the summons and complaint. Fed.R.Civ.P. 4(c)(2). "'[A]n incarcerated pro se plaintiff proceeding *in forma pauperis* is entitled to rely on the U.S. Marshal for service of the summons and complaint and . . . should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting *Puett v. Blanford*, 912 F.2d 270, 275 (9th Cir. 1990)), abrogated on other grounds by *Sandin v. Connor*, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause.'" *Walker*, 14 F.3d at 1422 (quoting *Sellers v. United States*, 902 F.2d 598, 603 (7th Cir. 1990)).

---

to obtain documents before any of the defendants were served in this case and reiterates his complaints that the SCC Defendants are impeding his access to the courts by refusing to advance him money for photocopying. The Court has previously addressed these issues and denied each one. Dkts. 79, 80 (Dec. 29, 2008), 87 (Jan. 15, 2009), 100 (March 13, 2009), 105 (April 24, 2009), 110 (May 28, 2009). The Court will not entertain further motions on these same issues again.

ORDER ON DISCOVERY MOTIONS - 13

However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the court's sua sponte dismissal of the unserved defendant is appropriate. *Walker*, 14 F.3d at 1421-22.

On October 21, 2008, the U.S. Marshal's Office filed a return of service noting that the mail was returned "unexecuted 10-21-08 – Subject not at address." The U.S. Marshall attempted to serve Defendant Knutson by mail, using the address supplied by Mr. Ayers. That service was returned unexecuted. Dkt. 33. Despite Mr. Ayers' *in forma pauperis* status, he must supply the information necessary to identify the defendants to be served. See *Walker v. Sumner,* 14 F.3d at 1415.

For the foregoing reasons, Plaintiff's motion for default (Dkt. 113) shall be **DENIED**.

**D.    Dkt. 123 – Motion to Sign for and Be Provided Full Copy of Transcript**

In this motion, Mr. Ayers requests a full copy of his deposition transcript and an opportunity to make corrections to his deposition transcript. Dkt. 123. In response, Defendants state that on June 10, 2009, Mr. Ayers was provided with a complete copy of Volumes I and II of the transcript of his deposition, with instructions to review for error and sign. Dkt. 125, pp. 1-2.

In his reply, Mr. Ayers again complains that he is being denied access to photocopies above his monthly allotment at SCC. Dkt. 129. As noted above, the Court will not address this issue again. Mr. Ayers also restates requests for default, for sanctions and to compel addressed in previously filed motions (Dkts. 112 and 113).

As Mr. Ayers has been provided with a complete copy of his deposition transcript, this motion (Dkt. 123) is moot and shall be **DENIED**. Mr. Ayers' motion for an extension of time to review and submit corrections to his deposition transcript (Dkt. 130) is addressed below.

ORDER ON DISCOVERY MOTIONS - 14

**E. Dkt. 127 – Motion for Continuance of Discovery Deadline**

On May 28, 2009, the Court advised Mr. Ayers that if he required a continuance of the discovery deadline to complete his discovery, he must file a motion, setting forth his reasons for the requested continuance. Dkt. 110. In this motion, Mr. Ayers states that he has been denied production of "957 public disclosure documents," criminal history information on certain defendants, and SCC Policies 140, 235 and 404. *Id.*, p. 1. The production of SCC Policies 140, 234 and 404 were addressed in connection with Mr. Ayers' motion to compel (Dkt. 112) above.

Mr. Ayers' claim that he has been denied production of "957 public disclosure documents," was addressed in connection with Mr. Ayers' motion to waive (Dkt. 111) above.

In response to Mr. Ayers' January 19th request for criminal records "pertaining to RRC. Jose David Garcia, Mike Hogan, and Jeramy Dorfner (RRC's)," Defendants responded as follows:

> Objection, SCC does not retain criminal records on staff. Defendants also object to this request as the persons plaintiff is seeking records about are not named defendants in this case. Without waiving objections, defendant will supplement this response as they receive further documentation regarding this request.

Dkt. 115, Attachment B, p. 10.

Thus, Plaintiff's claim that he has been refused public disclosure documents is not true. It is also not true that is has been refused "background criminal history on certain defendants." Defendants stated that they do not have the information requested. The Court further notes that a request for production of documents relates to documents already under the possession and control of the party. The Defendants are under no obligation to search out documents that are not in their possession or control. There is no evidence before the Court that the Defendants have given an untrue answer or are concealing evidence. The discovery deadline need not be

ORDER ON DISCOVERY MOTIONS - 15

extended simply because a discovery response may be supplemented if the Defendants receive further documentation.

The parties have had six months to complete discovery. The record reflects that during that time, Mr. Ayers propounded one set of discovery requests and that Defendants responded to that request in February 2009. Mr. Ayers knew for six months that the discovery cut-off was June 5, 2009. Dkt. 65. He has not provided further good faith reason for an extension. Accordingly, the Court finds that his motion for an extension (Dkt. 127) shall be **DENIED.**

**F.     Dkt. 130 - Motion for Extension to Review and File Corrections to Deposition**

In this motion, Mr. Ayers seeks a seventeen day extension of time to review and file corrections to his deposition transcript. Dkt. 130. Defendants object to Mr. Ayers' request for additional time to file pleadings and papers with the Court. Dkt. 131. Defense counsel advised Mr. Ayers that he need only review his deposition transcript for transcription errors, as when the court reporter took down a word incorrectly. Dkt. 132. Mr. Ayers argues that he should be allowed to make any changes or corrections in form or substance that he feels should be made and that he may add additional sheets, if necessary. Dkt. 130, p. 2.[5]

Federal Rule of Civil Procedure 30(e) states:

> If requested by the deponent or a party before completion of the deposition, the deponent shall have 30 days after being notified by the officer that the transcript or recording is available in which to review the transcript or recording and, if there are changes in form or substance, to sign a statement reciting such changes and the reasons given by the deponent for making them. The officer shall indicate in the certificate prescribed by subdivision (f)(1) whether any review was

---

[5] Mr. Ayers also complains again that he has exhausted his free copies for the month. As noted above, the Court will not revisit this issue. The Court also notes that Mr. Ayers' ability to file numerous motions and affidavits with voluminous exhibits does not appear to be hampered by the limits on his SCC photocopy account. *See, e.g.* Dkts. 133, 134. Mr. Ayers recently filed an affidavit "in support of claims made" with attached exhibits, consisting of 92 pages. The affidavit is not affixed to a motion noted on the Court's docket, it does not request any relief, and was not filed in response to any pending motion.

ORDER ON DISCOVERY MOTIONS - 16

requested and, if so, shall append any changes made by the deponent during the period allowed.

The requirement that a statement of reasons accompanies the corrections is important to allow determination of whether the deponent has made the corrections for a legitimate purpose. *Hambleton Brothers Lumber Co. v. Balkin Enterprises, Inc.*, 397 F.3d 1217, 1224-25 (9th Cir. 2005). Rule 30(e) may be utilized only for corrective, not contradictory changes, *Id*. at 1226, and the statement of reasons will largely determine the category in which the changes fit. This does not mean that substantive changes can never be made. However, a legitimate reason must exist before the substantive change to sworn testimony will be allowed.

To the extent that Mr. Ayers wishes to set forth his changes which are corrective only, accompanied by a statement of reasons for the corrective changes, he may do so. If he needs additional sheets, he may request them of counsel or use blank sheets of paper and sign them at the bottom. Mr. Ayers shall complete and return his correction sheets to counsel on or before **July 31, 2009**. He shall not file them with the Court.

In summary, the Court **ORDERS**:

1) Dkt. 111 (Motion for Waiver on Time Bar) is **DENIED**.

2) Dkt. 112 (Motion to Compel and for Sanctions) is **DENIED, except that** Defendants are **ORDERED** to produce SCC's 404 Policy **to the Court only** for an *in camera* inspection, and shall supplement their responses to Requests for Production Nos. 14, 15, 16, 18, 17B, and 33 on or before **July 31, 2009.**

3) Dkt. 113 (Motion for Default) is **DENIED**.

4) Dkt. 123 (Motion for Transcript) is **DENIED as moot**.

5) Dkt. 127 (Motion for Continuance of Discovery) is **DENIED.**

ORDER ON DISCOVERY MOTIONS - 17

6) Dkt. 130 (Motion for Continuance to Review Transcript) is **GRANTED**; Mr. Ayers shall complete and return his correction sheets **to counsel, on or before July 31, 2009**.

DATED at Tacoma, Washington this  20th  day of July, 2009.

*Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge

ORDER ON DISCOVERY MOTIONS - 18