UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LENIER AYERS,

          Plaintiff,

v.

HENRY RICHARDS, et al.,

          Defendants.

No. C08-5390 BHS/KLS

ORDER DENYING FOURTH MOTION FOR THE APPOINTMENT OF COUNSEL

This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Before the Court is Plaintiff's fourth motion for appointment of counsel. Dkt. 137. Having carefully reviewed Plaintiff's motion, Defendants' response (Dkt. 144), and balance of the record, the Court finds, for the reasons stated below, that Plaintiff's motion should be denied.

## I. DISCUSSION

No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). *See also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory.") However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C.§ 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998) (emphasis supplied.) To decide whether exceptional

ORDER DENYING FOURTH MOTION FOR COUNSEL - 1

circumstances exist, the court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity oAf the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue involved and an inadequate ability to articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

That a *pro se* litigant may be better served with the assistance of counsel is not the test. *Rand*, 113 F.3d at 1525. Moreover, the need for discovery does not necessarily qualify the issues involved as "complex." *Wilborn,* 789 F.2d at 1331. Most actions require development of further facts during litigation. But, if all that was required to establish the complexity of the relevant issues was a demonstration of the need for development of further facts, then practically all cases would involve complex legal issues. *Id.*

Plaintiff has made three previous motions for appointed counsel. Dkt. Nos. 29, 90 and 97. The Court denied these motions because it found that no exceptional circumstances existed which warranted the appointment of counsel. See Dkt. Nos. 56 and 100. Plaintiff has demonstrated an adequate ability to articulate his claims *pro se*, has not demonstrated that the issues involved in this case are complex or that he has had any difficulties in expressing them, nor has he shown that he is likely to succeed on the merits on his case. See *Id.*

In his present motion, Mr. Ayers seeks counsel to conduct discovery and to resolve discovery disputes that were the subject of earlier motions. Dkt. 137. Discovery in this case is concluded and the Court denied Plaintiff's motion to extend the discovery period. Dkt. 139. In

ORDER DENYING FOURTH MOTION FOR COUNSEL - 2

addition, Mr. Ayers has presented nothing new to his fourth motion to suggest that exceptional circumstances exist that warrant the appointment of counsel.

The Court is also troubled by Plaintiff's repeated motions that fail to address the legal standard for appointment of counsel. Under Rule 11 of the Federal Rules of Civil Procedure, Plaintiff's signature on a pleading is an indication that a motion is brought in good faith and is not designed to needlessly increase the cost of litigation. The Court accepts that this fourth motion was brought in good faith. However, Plaintiff is warned that future motions should address the proper legal standard for the Court's consideration. Failure to do so may result in sanctions, which may include costs, monetary sanctions, and possibly dismissal of this action.

Accordingly, Plaintiff's motion to appoint counsel (Dkt. 137) is **DENIED**. The Clerk is directed to send copies of this Order to Plaintiff.

DATED at Tacoma, Washington this 1st day of September, 2009.

Karen L. Strombom
United States Magistrate Judge

ORDER DENYING FOURTH MOTION FOR COUNSEL - 3