UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LENIER AYERS,

                Plaintiff,

    v.

HENRY RICHARDS, et al.,

                Defendants.

No. C08-5390 BHS/KLS

ORDER DENYING PLAINTIFF'S THIRD MOTION TO COMPEL (DKT. 164) AND GRANTING DEFENDANT'S MOTION FOR SANCTIONS (DKT. 167)

Before the court is Plaintiff's "Third Motion For Previously Requested Public Disclosure" (hereinafter "Third Motion") (Dkt. 164) and Defendants' Motion for Sanctions (Dkt. 167). Plaintiff has responded to Defendants' motion for sanctions. Dkt. 173. Defendant has filed a reply. Dkt. 172. Having carefully considered the motions, affidavits, responses, and balance of the record, the Court finds that sanctions against Plaintiff are appropriate.

**DISCUSSION**

**A.    Plaintiff's Third Motion – Failure to Confer**

In his Third Motion, plaintiff seeks an order compelling Defendants to provide documents previously sought in his January 2009 Request for Production. Plaintiff fails to provide the court with notice that he conferred in good faith with counsel for defense before seeking the Court's intervention in a discovery matter. *See* Fed. R. Civ. P. 37(d)(1)(A) and (B). The court previously admonished Plaintiff that he must confer before seeking the court's assistance in a discovery matter. (Dkt. 139, p. 3). Despite this previous admonishment, Plaintiff has again filed a discovery motion without first conferring in good faith with defense

ORDER GRANTING MOTION FOR SANCTIONS - 1

counsel. Dkt. 164. Despite being advised of this failing, he provides no explanation in his response for his failure to comply with Rule 37(d). For this reason, the court shall deny his Third Motion (Dkt. 164).

**B.      Defendants' Motion for Sanctions**

On July 20, 2009, the court found that defendants had produced SCC Policies 140 and 235 to plaintiff. Dkt. 139, p. 4. In his Third Motion, Plaintiff again accuses defense counsel of failing to produce these documents. Dkt. 164. Plaintiff accuses the defense of "falsely stating" in Docket 161 that SCC Policies 140 and 235 were provided to plaintiff as of September 10, 2009. Dkt. 164 at ¶ 1 (Dkt. #164). Docket 161 is a court order that makes no mention of SCC Policies 140 and 235. The following docket entry, Docket 162, is Defendants' Notice of Compliance With Order Dkt. #161. In that Notice, Defendants state that they served plaintiff with a copy of former SCC Policy 404 and a memorandum dated April 10, 2006, regarding the discontinuation of SCC Policy 404. SCC Policies 140 and 235 are not mentioned at all.

Plaintiff accuses defense counsel of "obstructing justice" and "suppressing evidence" in its Sixth Supplemental Response to plaintiff's January 2009, Request for Production. Dkt. 164, p. 1. However, this court found that Defendants had previously produced the requested documents to Plaintiff. Dkt. 139, p. 4. Defendants previously provided plaintiff with a copy of SCC Policy 140 on February 13, 2009, a courtesy copy of SCC Policy 235 on June 5, 2009, and the documents delineated in its Notice of Compliance (Dkt. 162) on September 10, 2009. Dkt.

ORDER GRANTING MOTION FOR SANCTIONS - 2

168 ¶ 3, Attachs. B, C; Dkt. #117, ¶¶ 4, 7.2  Therefore, the documents Plaintiff seeks to compel in his Third Motion have been in his possession for the past seven months.[1]

In his Third Motion, Plaintiff also asks the court to compel Defendants to provide criminal history record on certain persons, including those who are not defendants in this case (Jose David Garcia, Mike Hogan, and Jeremy Dorfner.)  The court previously addressed this issue and found that defendants were not required to provide criminal records on non-defendants. Dkt. 139, pp. 5-6. Further, the court found that Defendants had complied with the request:

> In response to Mr. Ayers' January 19th request for criminal records "pertaining to RRC. Jose David Garcia, Mike Hogan, and Jeramy Dorfner (RRC's)," Defendants responded as follows:
>
>> Objection, SCC does not retain criminal records on staff. Defendants also object to this request as the persons plaintiff is seeking records about are not named defendants in this case. Without waiving objections, defendant will supplement this response as they receive further documentation regarding this request.
>
> Dkt. 115, Attachment B, p. 10.
>
> Thus, Plaintiff's claim that he has been refused public disclosure documents is not true. It is also not true that is has been refused "background criminal history on certain defendants."  Defendants stated that they do not have the information requested. The Court further notes that a request for production of documents relates to documents already under the possession and control of the party. The Defendants are under no obligation to search out documents that are not in their possession or control. There is no evidence before the Court that the Defendants have given an untrue answer or are concealing evidence.

Dkt. 139, p. 15. Despite the court's order and findings, Plaintiff persists in his repeated requests for the same information and more troubling, accuses defense counsel of underhanded dealing in her "refusal" to produce the information to him.  In his response to Defendants' motion for

---

[1] In addition, SCC Policy 235 is maintained on plaintiff's living unit and available for him to view at any time.  Dkt. 168 at ¶ 3.

ORDER GRANTING MOTION FOR SANCTIONS - 3

sanctions, Plaintiff merely states "I indicated that the defendants, and AG have once again refused to provide previously requested criminal history documents that were ordered by the Court." Dkt. 173, p. 1. Thus, Plaintiff persists in insisting that Defendants have failed to provide him with discovery that has already been provided to him and which has previously been the subject of motions to compel upon which this court has ruled.

The Court has the inherent power to impose sanctions in response to abusive litigation practices. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-44, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991). A movant's signature on a pleading is an indication that a motion is brought in good faith and is not designed to needlessly increase the cost of litigation. Rule 11 Fed. R. Civ. P. Failure to comply with Rule 11 may result in sanctions. *Id.* The Supreme Court has recognized that every paper filed with the Clerk of the Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice. The continual processing of a litigant's frivolous requests does not promote that end. *In re McDonald*, 489 U.S. 180, 184, 109 S. Ct. 993, 103 L. Ed. 2d 158 (1989). "The goal of fairly dispensing justice . . . is compromised when the Court is forced to devote its limited resources to the processing of repetitive and frivolous requests." *In re Sindram*, 498 U.S. 177, 179-80, 111 S. Ct. 596, 112 L. Ed. 2d 599 (1991). The same is true when defendants are forced to devote limited public resources to responding to repetitious, baseless motions.

Plaintiff's Third Motion is a repetitive motion lacking any basis in law or fact. In addition, he accuses defense counsel of engaging in unprofessional and illegal behavior that has no basis in fact. Plaintiff has been repeatedly admonished to refrain from filing pleadings without following the civil rules, including that a sanction might follow that may include

ORDER GRANTING MOTION FOR SANCTIONS - 4

dismissal. *See, e.g.,* Dkts. 139, p. 3; Dkt. 159, p. 3. Despite these admonitions, Plaintiff continues to make sworn statements accusing defense counsel of misconduct that this court has already concluded are false. Mr. Ayers has also made statements indicating that the cost to defend this lawsuit is "insignicant" to him and "not his problem." Dkt. 168 at ¶ 4, Attach. D.

Plaintiff finds no fault with his own conduct or the unnecessary costs he has forced the other side to incur in responding to plaintiff's numerous and meritless filings, although his conduct has unnecessary delayed and vexatiously multiplied the proceedings, increased costs, and wasted the resources of defendants and this court. The court notes that the imposition of sanctions is appropriate even though plaintiff is proceeding pro se. He has shown the ability to follow the court's rules when it suits him, and his filings contain cogent legal arguments and appropriate citations to cases and statutes.

The court agrees that a sanction should be imposed that will actually deter Plaintiff from continuing to squander the resources of the court and Defendants; to do otherwise will continue to penalize defendants because they will be forced to defend – at taxpayer expense – duplicative and meritless motions. For these reasons, the court has determined that the amount of $500.00 is an appropriate financial sanction against Plaintiff and that this matter shall be stayed. If Plaintiff fails to pay the sanction as specified, the court will recommend that the action be dismissed for failure to comply with a court order and as sanction for his conduct.

Plaintiff is hereby ordered:

1) Defendants' motion for sanctions (Dkt. 167) is **GRANTED and Plaintiff is ordered to pay into the court registry the amount of Five Hundred Dollars ($500.00).**

2) **This action is stayed** pending payment of the sanction and Plaintiff shall pay the sanction **on or before January 8, 2010** or the court will

ORDER GRANTING MOTION FOR SANCTIONS - 5

recommend the action be dismissed for failure to comply with a court order and as sanction for plaintiff's conduct.

3) Plaintiff's "Third Motion" (Dkt. 164) is **DENIED**.

4) The Clerk of Court is directed to send a copy of this order to Plaintiff and to counsel for Defendants and to note the date of **January 8, 2010** as the due date for payment of the sanction.

DATED on the 10th day of November, 2009.

Karen L. Strombom
United States Magistrate Judge