UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LENIER AYERS,

          Plaintiff,

v.

HENRY RICHARDS, et al.,

          Defendants.

No. C08-5390 BHS/KLS

**REPORT AND RECOMMENDATION**
**Noted for: February 5, 2010**

On November 16, 2009, the court granted Defendants' motion for sanctions (Dkt. 167) and ordered Plaintiff to pay $500.00 into the court registry on or before January 8, 2010. Dkt. 180, p. 5. The court stayed this action pending payment of the sanction. *Id.*, pp. 5-6. The court advised Plaintiff that his failure to pay the sanction on or before January 8, 2010, would result in a recommendation that this action be dismissed for failure to comply with a court order and as sanction for his conduct. *Id.*, p. 6. Plaintiff has not paid the sanction nor has he sought an extension of time within which to do so. Accordingly, the undersigned recommends that this case be dismissed for failure to comply with the court's order.

## DISCUSSION

Defendants requested that sanctions be levied against the Plaintiff after Plaintiff filed his "3rd Motion for Previously Requested Public Disclosure Documents., [sic] Consisting of (SCC.)

ORDER GRANTING MOTION FOR SANCTIONS - 1

Policies and Previously [sic] Court Authorized Criminal History Evidence" (hereafter the "Third Motion"). Dkt. 167 (citing Plaintiff's motion at Dkt. 164). The court had already determined that the Defendants had produced the information sought by Plaintiff.

On July 20, 2009, the court found that defendants had produced SCC Policies 140 and 235 to plaintiff. Dkt. 139, p. 4. In his Third Motion, Plaintiff accused defense counsel of failing to produce these documents. Dkt. 164. Plaintiff accused the defense of "falsely stating" in Docket 161 that SCC Policies 140 and 235 were provided to plaintiff as of September 10, 2009. Dkt. 164 at ¶ 1 (Dkt. #164). Docket 161 is a court order that makes no mention of SCC Policies 140 and 235. The following docket entry, Docket 162, is Defendants' Notice of Compliance With Order Dkt. #161. In that Notice, Defendants state that they served plaintiff with a copy of former SCC Policy 404 and a memorandum dated April 10, 2006, regarding the discontinuation of SCC Policy 404. SCC Policies 140 and 235 are not mentioned at all.

Plaintiff also accused defense counsel of "obstructing justice" and "suppressing evidence" in its Sixth Supplemental Response to Plaintiff's January 2009, Request for Production. Dkt. 164, p. 1. However, this court found that Defendants had previously produced the requested documents to Plaintiff. Dkt. 139, p. 4. Defendants previously provided Plaintiff with a copy of SCC Policy 140 on February 13, 2009, a courtesy copy of SCC Policy 235 on June 5, 2009, and the documents delineated in its Notice of Compliance (Dkt. 162) on September 10, 2009. Dkt. 168 ¶ 3, Attachs. B, C; Dkt. #117, ¶¶ 4, 7.2 Therefore, the documents Plaintiff sought to compel in his Third Motion have been in his possession for the past seven months.[1]

---

[1] In addition, SCC Policy 235 is maintained on plaintiff's living unit and available for him to view at any time. Dkt. 168 at ¶ 3.

ORDER GRANTING MOTION FOR SANCTIONS - 2

In his Third Motion, Plaintiff also asked the court to compel Defendants to provide criminal history records of certain persons, including those who are not defendants in this case (Jose David Garcia, Mike Hogan, and Jeremy Dorfner.) The court previously addressed this issue and found that defendants were not required to provide criminal history records on non-defendants. Dkt. 139, pp. 5-6. Further, the court found that Defendants had complied with the request:

> In response to Mr. Ayers' January 19th request for criminal records "pertaining to RRC. Jose David Garcia, Mike Hogan, and Jeramy Dorfner (RRC's)," Defendants responded as follows:
>
>> Objection, SCC does not retain criminal records on staff. Defendants also object to this request as the persons plaintiff is seeking records about are not named defendants in this case. Without waiving objections, defendant will supplement this response as they receive further documentation regarding this request.
>
> Dkt. 115, Attachment B, p. 10.
>
> Thus, Plaintiff's claim that he has been refused public disclosure documents is not true. It is also not true that is has been refused "background criminal history on certain defendants." Defendants stated that they do not have the information requested. The Court further notes that a request for production of documents relates to documents already under the possession and control of the party. The Defendants are under no obligation to search out documents that are not in their possession or control. There is no evidence before the Court that the Defendants have given an untrue answer or are concealing evidence.

Dkt. 139, p. 15.

Despite the court's previous order and findings, Plaintiff persisted in his repeated requests for the same information and more troubling, repeatedly accused defense counsel of underhanded dealing in her "refusal" to produce the information to him. In his response to Defendants' motion for sanctions, Plaintiff merely stated: "I indicated that the defendants, and AG have once again refused to provide previously requested criminal history documents that

ORDER GRANTING MOTION FOR SANCTIONS - 3

were ordered by the Court." Dkt. 173, p. 1. Thus, the undersigned noted that Plaintiff persists in insisting that Defendants have failed to provide him with discovery that has already been provided to him and which has previously been the subject of motions to compel upon which this court has ruled. Dkt. 180, p. 4.

The Court has the inherent power to impose sanctions in response to abusive litigation practices. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-44, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991). A movant's signature on a pleading is an indication that a motion is brought in good faith and is not designed to needlessly increase the cost of litigation. Rule 11 Fed. R. Civ. P. Failure to comply with Rule 11 may result in sanctions. *Id.* The Supreme Court has recognized that every paper filed with the Clerk of the Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice. The continual processing of a litigant's frivolous requests does not promote that end. *In re McDonald*, 489 U.S. 180, 184, 109 S. Ct. 993, 103 L. Ed. 2d 158 (1989). "The goal of fairly dispensing justice . . . is compromised when the Court is forced to devote its limited resources to the processing of repetitive and frivolous requests." *In re Sindram*, 498 U.S. 177, 179-80, 111 S. Ct. 596, 112 L. Ed. 2d 599 (1991). The same is true when defendants are forced to devote limited public resources to responding to repetitious, baseless motions.

The undersigned found that Plaintiff's Third Motion is a repetitive motion lacking any basis in law or fact. Dkt. 180, p. 4. The court also found that Plaintiff's accusations of unprofessional and illegal behavior by counsel for defendants has no basis in fact, that Plaintiff has been repeatedly admonished to refrain from filing pleadings without following the civil rules and was advised that sanctions, including dismissal of his case, might result. *See, e.g.,* Dkts.

ORDER GRANTING MOTION FOR SANCTIONS - 4

139, p. 3; Dkt. 159, p. 3. Despite these admonitions, Plaintiff continued to make sworn statements accusing defense counsel of misconduct that this court has already concluded are false. Mr. Ayers has also made statements indicating that the cost to defend this lawsuit is "insignificant" to him and "not his problem." Dkt. 168 at ¶ 4, Attach. D.

The undersigned further found that Plaintiff finds no fault with his own conduct or the unnecessary costs he has forced the other side to incur in responding to Plaintiff's numerous and meritless filings, although his conduct has unnecessary delayed and vexatiously multiplied the proceedings, increased costs, and wasted the resources of defendants and this court. *Id.*, p. 5. The court noted that the imposition of sanctions was appropriate even though plaintiff is proceeding pro se because he has shown the ability to follow the court's rules when it suits him, and his filings contain cogent legal arguments and appropriate citations to cases and statutes. *Id.*

The court determined that the amount of $500.00 was an appropriate financial sanction against Plaintiff in that such amount would actually deter Plaintiff from continuing to squander the resources of the court and Defendants.

## CONCLUSION

Plaintiff was sanctioned by the court and ordered to pay $500.00 by January 8, 2010. He has failed to do so. Plaintiff was given notice that his failure to pay the sanction would result in a recommendation that this action be dismissed for failure to comply with a court order and as sanction for his conduct. Therefore, this action should be **DISMISSED WITHOUT PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections

will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **February 12, 2010,** as noted in the caption.

DATED this  12th  day of January, 2010.

Karen L. Strombom
United States Magistrate Judge

ORDER GRANTING MOTION FOR SANCTIONS - 6