UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LENIER AYERS,

    Plaintiff,

v.

HENRY RICHARDS, et al.,

    Defendants.

Case No. C08-5390BHS

ORDER OVERRULING DEFENDANTS' OBJECTIONS AND ADOPTING REPORT AND RECOMMENDATION

    This matter comes before the Court on the Report and Recommendation of the Honorable Karen L. Strombom, United States Magistrate Judge (Dkt. 183), and Defendants' Objections to the Report and Recommendation (Dkt. 184).

    On September 22, 2009, Plaintiff filed his Third Motion for Previously Requested Public Disclosure. Dkt. 164. On October 5, 2009, Defendants filed a response and a motion for sanctions. Dkt. 167. On October 13, 2009, Plaintiff filed an affidavit. Dkt. 173. On October 20, 2009, Defendants replied. Dkt. 172.

    On November 16, 2009, the Magistrate Judge granted Defendants' motion for sanctions (Dkt. 167) and ordered Plaintiff to pay $500 into the court registry on or before January 8, 2010. Dkt. 180, at 5. The Magistrate Judge stayed the action pending payment of the sanction and informed Plaintiff that failure to pay the sanction on or before January 8, 2010, would result in a recommendation that this action be dismissed for failure to comply with a court order and as sanction for his conduct. *Id.*, at 5-6. Plaintiff did not pay the

ORDER – 1

1  sanction. Accordingly, the Magistrate Judge recommended that Plaintiff's case be dismissed
2  without prejudice for failure to comply with the court's order. Dkt. 183.

3  On January 19, 2010, Defendants objected (Dkt. 184) to the Magistrate Judge's
4  Report and Recommendation (Dkt. 183).

5  Courts have the inherent power to impose sanctions in response to abusive litigation
6  practices. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-44, 111 S. Ct. 2123, 115 L. Ed. 2d
7  27 (1991). A movant's signature on a pleading is an indication that a motion is brought in
8  good faith and is not designed to needlessly increase the cost of litigation. Fed. R. Civ. P. 11.
9  Failure to comply with Rule 11 may result in sanctions. *Id.* Moreover, courts may impose
10 sanctions when a party acts in bad faith, vexatiously, wantonly, or for oppressive reasons.
11 *Chambers v. Nasco, Inc.*, 501 U.S. at 45-46.

12 In this case, the Magistrate Judge found (1) that Plaintiff's Third Motion was a
13 repetitive motion that lacked any basis in law or fact (Dkt. 180); (2) that Plaintiff's
14 accusations of unprofessional and illegal behavior by counsel for Defendants had no basis in
15 fact (Dkt. 139); and (3) that Plaintiff was repeatedly admonished to refrain from filing
16 pleadings without following the civil rules and was advised that sanctions, including
17 dismissal, might result (Dkt. 159). Even if not explicitly stated in the Magistrate Judge's
18 order granting motion for sanctions (Dkt. 183), this Court finds ample grounds to conclude
19 that Plaintiff acted in bad faith by bringing three repetitive baseless motions.

20 Defendants object to the Report and Recommendation on the basis that this matter
21 should be dismissed with prejudice, or in the alternative, that the Court should rule on the
22 merits of Defendants' motion for summary judgment (Dkt. 175). Dkt. 184. While the Court
23 is sympathetic to Defendants' position, dismissal with prejudice is too severe and the Court
24 does not find that reaching the merits is appropriate at this time.

25 Instead, the Court adopts the Magistrate Judge's Report and Recommendation (Dkt.
26 183) with the following modification: In the event Plaintiff renews his claim against
27 Defendants, Plaintiff must pay the $500 sanction at the time of filing his complaint.

28 ORDER – 2

The Court having considered the Report and Recommendation, Defendants' objections, and the remaining record, does hereby find and order:

(1) The Court **OVERRULES** Defendants' Objections;

(2) The Court adopts the Report and Recommendation with modification; and

(3) This action is **DISMISSED WITHOUT PREJUDICE** because Plaintiff failed to comply with the Magistrate Judge's order as discussed herein.

DATED this 3rd day of March, 2010.

_____
BENJAMIN H. SETTLE
United States District Judge