UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LENIER AYERS,

    Petitioner,

    v.

HENRI RICHARDS, et al.,

    Respondents.

Case No. C08-5390BHS

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation of the Honorable Karen L. Strombom, United States Magistrate Judge (Dkt. 210). The Court has considered the Report and Recommendation, Petitioner's ("Ayers") objections (appellate brief), and the remaining record, and hereby adopts the Report and Recommendation.

## I. PROCEDURAL HISTORY AND DISCUSSION

This matter arises out of multiple 42 U.S.C. § 1983 claims by Ayers, against multiple defendants ("Respondents") who are employees of the Special Commitment Center (SCC) where Ayers is confined. Dkt. 16.

On August 7, 2008, Ayers filed his complaint against Respondents. *Id.* Since filing his complaint, Ayers has requested assistance of counsel on four separate occasions (Dkts. 29, 90, 97, 137), which have been denied by Magistrate Judge Strombom (Dkt. 56, 100, 159). On October 30, 2009, Respondents moved the Court for summary judgment of all Ayers's remaining claims against them. Dkt. 175. Magistrate Judge Strombom issued the instant Report and Recommendation on August 3, 2010, recommending summary judgment in favor of Respondents. Dkt. 210. Ayers did not file any objections with this Court, but instead appealed Magistrate Judge Strombom's recommendation to the Ninth Circuit (Dkt.

ORDER – 1

1   213), which was subsequently dismissed for lack of jurisdiction based on Ayers's failure to
2   comply with proper procedure (Dkt. 218). The Ninth Circuit issued its mandate on October
3   6, 2010. Dkt. 222. Because this Court construes a *pro se* litigant's pleadings liberally, the
4   Court has deemed Ayers's appellate brief as an objection to the Report and
5   Recommendation.[1]

6        In his brief, Ayers makes numerous objections to Magistrate Judge Strombom's
7   recommendation; however, each objection pertains to Ayers's disagreement with Magistrate
8   Judge Strombom's decision to deny Ayers assistance of counsel on three prior occasions.
9   *See* Dkt. 213.[2] While Ayers's objection to the Report and Recommendation relate to
10  Magistrate Judge Strombom's previous orders denying him assistance of counsel, those
11  orders are not at issue. This Court has reviewed those orders and agrees with Magistrate
12  Judge Strombom's prior decisions to deny Ayres assistance of counsel in this case.

13       Magistrate Judge Strombom denied Ayers's motions for assistance of counsel in
14  three[3] separate orders, stating that Ayers has failed to present any exceptional circumstance
15  that warrants the appointment of counsel. *See Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir.
16  1997), *overruled* on other grounds, 154 F.3d 952 (9th Cir. 1998) (for "exceptional
17  circumstances," a district court may appoint counsel for indigent civil litigants pursuant to
18  28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C.§ 1915(d)). In Magistrate Judge Strombom's
19  third order denying assistance of counsel, she warns Ayers of possible sanctions if he
20  continues to move the Court for assistance of counsel without addressing the proper legal

21  ──────────

22       [1]Ayers filed an objection directed to the Ninth Circuit requesting that the court remand the case to the district court. *See* Dkt. 219.

23  
24       [2]Even though the Court is considering Ayers's appellate brief the same as if it was an objection, the Court did not request briefing from the Respondents because the Court is fully
25  adopting the Magistrate Judge's Report and Recommendation and ordering summary judgment in favor of Respondents.

26  
27       [3]Magistrate Judge Strombom addresses the second (Dkt. 90) and third (Dkt. 97) motions for assistance of counsel in one order. *See* Dkt. 100.

28  ORDER – 2

standard for the Court's consideration. Dkt. 159.

In his objection, Ayers fails to bring forward any new evidence of an "exceptional circumstance" that would warrant the appointment of counsel; nor does Ayers address the proper legal standard for the Court to consider a motion for assistance of counsel. Ayers also fails to properly assert any reason why, other than denying him assistance of counsel, the Report and Recommendation should not be adopted. Magistrate Judge Strombom has, on three occasions, properly explained to Ayers why he has been denied assistance of counsel. Any further explanation by this Court is unnecessary. Because Ayers makes no other objections and because the Court agrees with Magistrate Judge Strombom's recommendation, the court fully adopts the Report and Recommendation.

### III. CONCLUSION

Therefore, it is hereby **ORDERED** that the Court **ADOPTS** the Report and Recommendation and **GRANTS** summary judgment **dismissing** Ayres's claims **with prejudice,** except that any claim Ayres may have regarding his involuntary civil commitment is **dismissed without prejudice**.

DATED this 28th day of October, 2010.

BENJAMIN H. SETTLE
United States District Judge

ORDER – 3